### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**KELLY N. LABELLE,**

    **Plaintiff,**

    v.                                      **CASE NO. 17-3137-SAC**

**(FNU) MIKELSON, et al.,**

    **Defendants.**

### ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff states in his Complaint that he will need to amend his complaint to add additional counts. The Court will grant Plaintiff's request and give him additional time to file an amended complaint.

### I. Plaintiff's Complaint

Plaintiff alleges that he was brought into the Butler County Detention Center ("BCDC") as a pretrial detainee due to a traffic ticket. Plaintiff claims he was immobile and suffered from heart conditions when he entered the facility. Plaintiff's "life vest" and money vanished. Plaintiff was denied doctor-ordered physical therapy. Deputies Leve and Sgt. Mikelson assaulted Plaintiff, injuring his foot, shoulder and knee. Although Plaintiff couldn't walk, "she" said "she" was going to break Plaintiff's other leg if he didn't keep up with their pace. Leve threatened to spray and taze Plaintiff, even though Plaintiff was not a threat because he was immobile.

The hospital stated that Plaintiff had a hand sprain and needed an MRI. Dr. Gary ignores the records and is unaware of them, and denies Plaintiff proper medication by changing his prescription. Dr. Gary denies Plaintiff's nitroglycerin and gives him beta blockers instead.

Plaintiff's MRI was ordered on July 7, but he has still not received it. Deputy Mueller requested to view Plaintiff's sexual organs, used a hand gesture to assimilate a sexual action, and asked if Plaintiff's penis was any larger than this. Plaintiff made reports to staff, but Detective McGuire "buried them" and called Plaintiff a liar. Plaintiff claims he is living on the floor of his isolation cell and "dragging himself through his own urine." Until July 18, Plaintiff was denied any form of written communication by Sgt. Mikelson. Plaintiff has also been denied access to the law library.

## II. DISCUSSION

Plaintiff states that he will need to amend his complaint when he has paper available. The Court will give Plaintiff the opportunity to file a complete and proper Amended Complaint upon court-approved forms. In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (17-3137-SAC) at the top of the first page of his Amended Complaint.

Plaintiff must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff's current Complaint is deficient in that it refers to "she" instead of naming the defendant; it includes an allegation that Plaintiff was denied access

to the law library, without alleging who denied him access; it fails to allege who is responsible for his vest and money disappearing; it fails to identify who is responsible for and what the facts are surrounding Plaintiff's claim that he is living on the floor of his isolation cell and "dragging himself through his own urine." Plaintiff fails to allege how Defendants Ramsey, Nurse, Brooke, and Wilmite violated Plaintiff's constitutional rights. Plaintiff's claims must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff also joins various claims in his Complaint, including an alleged assault, the failure to provide medical care, and an alleged sexual harassment. Plaintiff must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an Amended Complaint. FRCP Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) **Defendants**. Persons . . . may be joined in one action as defendants if:
>   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>   (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

3

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any Amended Complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only

properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 22, 2018**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 22nd day of December, 2017.**

> **S/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**