# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KELLY N. LABELLE,**

    **Plaintiff,**

    v.                                        **CASE NO.  17-3137-SAC**

**(FNU) MIKELSON, et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. The Court entered an Order on December 22, 2017, setting forth the deficiencies in Plaintiff's Complaint and giving Plaintiff until January 22, 2018, to file a proper amended complaint. (Doc. 5.) Plaintiff has failed to file an amended complaint and has failed to cure the deficiencies set forth in the Court's Order.

In the Order, the Court found that:

> Plaintiff's current Complaint is deficient in that it refers to "she" instead of naming the defendant; it includes an allegation that Plaintiff was denied access to the law library, without alleging who denied him access; it fails to allege who is responsible for his vest and money disappearing; it fails to identify who is responsible for and what the facts are surrounding Plaintiff's claim that he is living on the floor of his isolation cell and "dragging himself through his own urine." Plaintiff fails to allege how Defendants Ramsey, Nurse, Brooke, and Wilmite violated Plaintiff's constitutional rights. Plaintiff's claims must allege sufficient additional facts to show a federal constitutional violation.

The Court also found that Plaintiff improperly joined various claims and parties in his Complaint, including an alleged assault, the failure to provide medical care, and an alleged sexual harassment.

1

2

The Court's Order was mailed to Plaintiff's current address of record. The mail was returned with a notation "return to sender no longer at this address." (Doc. 6.) The Court remailed the Order to an alternative address listed on the Complaint. The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 26th day of January, 2018.**

<u>S/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**